[ Argued October 17, 1892; decided October 31, 1892.]

## WILLIAM MOREHOUSE *v.* JAMES COLLINS.

### [S. C. 31 Pac. Rep. 295.]

MECHANICS' LIEN — NOTICE — DESCRIPTION OF LAND.— The proof on the trial for the enforcement of a mechanics' lien must show that the description of the land in the notice is the same as the description in the complaint.

IDEM.— The notice of lien must contain a description of the land on which the lien is claimed.

ENFORCEMENT OF MECHANICS' LIEN — DESCRIPTION OF PROPERTY — EVIDENCE.— In an action to foreclose a mechanics' lien, the complaint described the property by metes and bounds. The notice of lien introduced in evidence described it by referring to the date and record of a certain deed of the land. The answer admitted that the house was built on the land described in the complaint, but no evidence was introduced to show that the land described in the lien was the same as that described in the complaint: *held*, that there was no evidence on which to establish a lien on the land in question.

Multnomah County: LOYAL B. STEARNS, Judge.

Action by William Morehouse against James Collins to foreclose a mechanics' lien. From a judgment for plaintiff, defendant appealed. Reversed.

*U. S. Grant Marquam*, for Appellant.

*Newton, McCoy*, for Respondent.

LORD, C. J.— This was a suit to foreclose two alleged mechanics' liens. The court below found that the first lien described in the complaint was invalid and dismissed it,

but found and adjudged that the second lien described in the complaint was valid, and decreed its foreclosure and that the plaintiff recover attorney's fees.

The main point relied upon by the appellant is that "there was not sufficient evidence to justify the court in finding or adjudging that the plaintiff filed a notice of lien containing a description of the property described in the complaint, or that the plaintiff had a lien thereon." The ground of the objection is that there is nothing to show that the description of the property in the notice of the lien offered in evidence identifies the description of the property alleged in the complaint. The notice of the lien introduced in evidence described the property as "a portion of lot 2 in block 1 of Portland Homestead, fully described in the deed of Sophia and T. V. Walters to James Collins, which deed is dated April 6, 1889, and recorded in liber 118 of Multnomah County Records of Deeds at page 295, to which deed reference is here made for an accurate description of said real property." The complaint described the property as "all that certain portion of lot No. 2 in block No. 1 in the Portland Homestead, more particularly described as follows: (Here follows a particular description of the property by metes and bounds.) In his answer the defendant admitted the contract for building the house upon which the notice of lien was predicated, and that the plaintiff built the house upon the land described in the complaint. The defendant claims that the only evidence to show that the description of the land in the complaint was the same as in the deed referred to in the notice, is the deed itself, and that as such deed was not introduced in evidence, there is no testimony showing that the land described in the complaint is the same land described in the notice of lien. By the eighth finding, the referee found, among other things, that the plaintiff made and filed his claim of lien setting forth a true statement of his demand against the defendant for building the houses, with a description of the land on which said houses were built. The defend-

ant excepted to this finding, and moved the court to set it aside because the same was not supported by the evidence, but was contrary thereto.

The notice of the lien was put in evidence by the plaintiff on the idea that the admission of the defendant in his answer that the house was built on the land described in the complaint, implied that it was built on the land described in the lien. His argument is that "since the defendant by his answer admits that the house was built on the land described in the complaint, and since the lien evidently describes the same land, no further evidence of the description of the land is necessary." But there is nothing to show that the lien described the same land described in the complaint. The deed to which reference is made for the particular description, or a copy of it, would have shown whether they were identical. The lien and complaint show that the house was built on a portion of lot two in block one, but whether the particular description of such portion, to be ascertained by reference to the deed, is the particular description alleged in the complaint, or different, we have been unable to ascertain from the record. There is nothing in the complaint to show that the description therein alleged is the same as in the deed, or any reference to the deed, so as to connect them.

In his answer the defendant denied that the plaintiff filed a lien with a description of the land as alleged in his complaint. The matter was in issue; and to establish a lien against the property described in the complaint, it must be shown that it is the same property upon which the lien was filed. Upon the evidence in this case, it is not possible for us to ascertain or know whether the land described in the lien is the same land as is described in the complaint, or other or different portions of lot two in block one; consequently there is no evidence upon which a decree can be founded to establish a lien upon the land as found and decreed by the court below. As we have no power to allow the requisite proof to be supplied, we have no other alternative than to dismiss the bill.